## Case No. 4,096.

### DRURY v. FOSTER.

[1 Dill. 461.] [1]

Circuit Court, D. Minnesota.[2]

CONVEYANCES—ACKNOWLEDGMENT—FILLING BLANKS.

1. The facts stated by the officer in the certificate of acknowledgment of a deed or mortgage is not conclusive under the statute of Minnesota.

2. In Minnesota due acknowledgment is necessary to bar dower, or enable a married woman to convey her real estate, and a deed void when acknowledged, by reason of containing blanks, cannot be ratified except by a reacknowledgment of the instrument.

In this cause, which was a bill filed by the mortgagee, Drury, in 1863, to foreclose a mortgage made by the defendants, Foster and wife, the defence was, in substance, that the mortgage, when executed and acknowledged, contained several material blanks, which were afterwards filled up without the knowledge of the wife, who never assented to or ratified the instrument as thus perfected.

As to acknowledgments, the statute of the state provides: "All conveyances, etc., which shall be acknowledged may be read in evi-

dence * * * without further proof, but the effect of such evidence may be rebutted by other competent testimony." Comp. St. c. 35, § 26, p. 400. As to conveyances, the statute provides that "a married woman may bar right of dower in any estate conveyed by her husband * * * by joining in the deed of conveyance, and acknowledging the same, as provided in the preceding chapter." Id. c. 36, § 13, p. 408.

Greenleaf Clark and Henry Hale, for complainant.

James Gilfillan, for respondents.

An elaborate opinion was delivered (afterwards affirmed by the supreme court of the United States,—Drury v. Foster, 2 Wall. [69 U. S.] 24), in which it was held (dismissing the bill as to the wife) by

NELSON, District Judge. 1. Under the statute of Minnesota, above copied, a certificate of the officer as to the due acknowledgment of a deed or mortgage is not conclusive; and parol evidence may be received to show that when the instrument was executed and acknowledged by the wife, there were material blanks left therein, which were afterwards filled up.

2. Under the statute of Minnesota, above mentioned, a married woman can pass her real estate or bar her dower only by executing and acknowledging the deed; and a deed void when acknowledged by the wife by reason of containing material blanks, cannot be ratified by subsequent consent on her part, unless given in accordance with the statute, viz.: by a re-acknowledgment of the instrument.